ROBERT MOULTHROP'S ADM'R v. SCHOOL DISTRICT
IN RUTLAND.

*Evidence. Pleading. Writ. Declaration. R. .L. s. 846.
School District, Division of. Party, Description of*

1. By statute,—R. L. s. 846,—the writ and declaration are blended in one instrument; thus, in an action of debt the defendant was designated in the *writ* as school district No. 1, as it existed before its division; the district retained its old name; and by statute its organization and officers continued for closing up its concerns; one man was clerk of the old and the new district, and the question was against which of the two the judgment should be rendered; *Held*, (*a*) that a copy of the original judgment, where the defendant was properly designated only in the *declaration*, as the old district, was admissible; and (*b*) the presumption is that the copy of the writ was served upon the clerk as clerk of the old district.

2. The court will not presume error when none is shown by the exceptions.

DEBT on judgment. Plea, *nul tiel record*, with notice. Trial by court, September Term, 1886, VEAZEY, J., presiding. Judgment for the plaintiff for the amount of the former judgment. The case appears in the opinion.

*W. C. Dunton*, for the defendant.

The judgment in suit is a judgment against district No. 1 as it was constituted at the date of the writ upon which the judgment was rendered, which is school district No. 1, as now constituted, and is not a judgment against the old district.

The designation of a party must be such that the clerk may know against whose property the execution should issue. Freem. Judg. (3d ed.) 50. It is not the province of a declaration to designate or identify the party. Everything is taken most strongly against the pleader. 1 Chit. Pl. 237; Gould Pl. 141; *Fuller* v. *Hampton*, 5 Conn. 422. The present district is liable at common law for the order, and, as it got all the property, ought to pay it. Dillon Mun. Corp. s. 128; *Mobile* v. *Watson*, 116 U. S. 289. This case is distinguish-

able from *Church* v. *Westminster*, 45 Vt. 380. In that case there was a reference in the declaration to the writ.

*Walker & Swinington*, for the plaintiff.

The declaration is part of the writ. R. L. s. 846; *Church* v. *Westminster*, 45 Vt. 380.

It appears clearly from the writ and declaration in the suit in which the judgment here sued upon was rendered, that said judgment was against the original school district No. 1. R. L. s. 557.

And the County Court has found this as a fact.

There being no question but that the former judgment was obtained against the defendant now sued thereon, it is not open to attack in an action brought by the plaintiff to enforce it. Rob. Dig. pp. 416, 417; *Mussey* v. *White*, 58 Vt. 45.

The opinion of the court was delivered by

WALKER, J. This is an action of debt on judgment, brought in 1884 by Robert Moulthrop in his lifetime, but who is now represented by his administrator, against school district No. 1, in Rutland, described in the writ as " being a school district duly organized and existing under the laws of the State of Vermont, and being school district No. 1 in said town, as the same was organized and existed at and before the division thereof." The declaration counts upon a judgment recovered by Robert Moultrop, in his lifetime, against the defendant at the September Term of Rutland County Court, A. D. 1876, for the sum of $664, and $13.37 costs. The defendant's plea is *nul tiel record*, with notice of special matter in defence.

Upon the trial the plaintiff, in support of the declaration, offered in evidence a duly certified copy of the record of a judgment of said Rutland County Court, rendered by default at the September Term thereof, 1876, for $664 damages and $13.37 costs in favor of the plaintiff's intestate against school district No. 1, a school district duly organized in Rutland. The defendant objected to the admission in evidence of this

copy of record, claiming that the same was not a record of a judgment against school district No. 1 as it existed at and before the division thereof; but a record of a judgment against school district No. 1 in Rutland as it existed in 1876, at the time the writ set out therein was brought, and after the division thereof. The County Court held that it was a record of a judgment against the original school district No. 1, and admitted the copy in evidence, to which the defendant excepted.

It appears from the bill of exceptions that school district No. 1, in Rutland, was duly divided June 27, 1871, at a town meeting warned for that purpose, and that the southern part was set off and designated and known as school district No. 2, and the northern part retained the original designation of school district No. 1.

It also appears that Franklin Billings was elected clerk of the original district No. 1 at the annual March meeting in 1871, and that no other clerk was thereafter chosen, and that said Billings was the clerk of the new district No 1 from its organization until his death in 1885.

By the law of the State (section 557, R. L.) the organization of the original school district No. 1 is continued in force until its debts and liabilities are settled and paid. Rights of action in favor of or against it may be enforced as though no change had been made, and the officers thereof at the time of the division are continued in office with all necessary powers in respect to the service of process; calling district meetings, settling claims in favor of and against the district, assessing and collecting taxes to pay labilities, and fully closing up the concerns of the district.

It appears from the copy of the record of the judgment received in evidence that the writ on which the judgment of 1876 was rendered ran against school district No. 1, a school district duly organized in Rutland, and was served upon the defendant therein by delivering to Franklin Billings, clerk of school district No. 1 in Rutland, the defendant named in the

writ, a true and attested copy thereof, etc.   In the declaration
of the writ set out in the judgment roll the defendant therein
is required to answer to the plaintiff " In a plea of the case for
that on the 20th day of April, 1871, the defendant school dis-
trict, as then organized and existing, and before its division, was
indebted to the plaintiff in the sum of $500, and the defendant
school district by Miner Hilliard, Henry W. Aldrich and Ruel
Todd, prudential committee of said school district, being duly
authorized in that behalf, drew an order in writing, under
their hand of that date as prudential committee of said school
district, directed to the treasurer of said school district No. 1,
and thereby requested him; as treasurer as aforesaid, to pay to
the plaintiff or order said sum of $500, and which was payable
on demand, it being for land bought by said school district
No. 1, on which to build a school-house, and paid for by plain-
tiff at defendant's request, as, by said writing or order ready to
be produced in court appears, which order the treasurer duly
authorized in that behalf on the 21st day of April, 1871, ac-
cepted by means whereof," etc.

When all the facts thus set out in the judgment roll are con-
sidered in the light of the rule that the parties for and against
whom a judgment is given must be sufficiently designated in
the record to enable the clerk to know from an inspection
thereof at whose instance to issue execution, and against
whose property it may be properly enforced, it is manifest that
the judgment recited in the record is a judgment against school
district No. 1, in Rutland, as it existed at and before the div-
ision thereof.   Both the original and new school districts No. 1
were designated and known as school districts No. 1 in Rut-
land, and should be sued only in that name.   But as both
were of the same corporate name it was proper that the pro-
cess should in some way indicate which district was sued.
The pleader in the first suit designated the district by setting
forth in the *declaration* that the indebtedness sued for was
against school district No. 1, in Rutland, as it existed at and
before the division.   In this suit upon the judgment the

pleader designates the district by setting forth in the *writ* that the district sued is school district No. 1, in Rutland, as it existed at and before the division. Each method of designating with particularity the corporation sued is allowable.

Under section 846 R. L., the writ and declaration are blended in the same instrument. The declaration is made a part of the writ, and the whole is treated and construed as one instrument, so that the writ may be referred to aid a defective averment in the declaration, and the declaration may be referred to, whenever necessary, to aid in the identification of the party sued. *Church et al.* v. *Westminster*, 45 Vt. 380.

Whenever there is doubt as to what person is the real party defendant in a judgment record by reason of the same being applicable to more than one person, reference may be had to the process, pleadings and proceedings in the action for the purpose of determining with certainty the real party. Freeman on Judgments, 50, *a*.

It is contended by the defendant that the service of the original writ in 1876 was made upon Franklin Billings, as clerk of the new district No. 1, and not as clerk of the old district, and that the judgment was against the new district, and is invalid against the old district.

If this objection could be properly raised in this action the answer to the contention is, that the bill of exceptions does not show such to be the fact; and the court will not presume error where none is shown to exist. Both corporations had the same name and the same clerk. The declaration and writ of the process served upon Franklin Billings, as clerk, show that the corporation sued was the district as it existed before the division, and the officer's return shows that he delivered a true copy of the writ to Franklin Billings, clerk of the defendant district named in the writ; and, without any showing to the contrary, the presumption is that the writ was served upon Billings as the clerk of the district particularly designated in the writ and declaration.

The record received in evidence by the County Court is a

record of a judgment in favor of the intestate against the defendant in this suit, and was properly admitted ; and it is conclusive upon the defendant. It can not be impeached or attacked in this action brought to enforce it. It therefore follows that the matters which the defendant was allowed to prove, under objection, on the trial of this cause in the County Court do not constitute a defence to this action.

Judgment affirmed.