New-Haven,
July,
1820.

July 14.

FOWLER *against* FRISBIE.

Where a conveyance was made, during the pendency of an action, by husband and wife, for slander on her, with intent to defeat the claim for damages in such action ; and the husband alone brought a *qui tam* action to recover the forfeiture inflicted by the statute against fraudulent conveyances ; on demurrer to the declaration, it was held, that he was not entitled to recover, 1. because the wife, being the party aggrieved, ought to have been joined with him in the suit ; and 2. because such conveyance was not an offence within the statute.

THIS was an action *qui tam*, founded on the statute against fraudulent conveyances, to recover certain forfeitures for a violation of that statute.   The first count of the declaration was as follows : " That a certain action was pending before the superior court in *New-Haven* county, in favour of the plaintiff and his wife, against *Timothy Frisbie* of *Branford*, for certain false, malicious, and defamatory words, spoken by said *Timothy Frisbie*, of and concerning the wife of the plaintiff; in which action, the plaintiffs therein demanded 5000 dollars damages, and in which action the said plaintiffs, by the consideration of said court, at the term on the 4th day of *February*, 1818, recovered a judgment against the said *Timothy Frisbie*, for the sum of 1150 dollars damages, and 93 dollars, 56 cents, costs of suit, in due form of law ; and thereupon the said plaintiffs prayed out an execution for said sums, dated the 6th day of *February*, 1818, directed to the sheriff of said county to serve and return ; and on or about the 12th day of *February*, 1818, the said plaintiffs delivered said execution to *Nathaniel Rossiter*, Esq. then and ever since, the sheriff of said county, to serve and return according to law ; and on the day and year last aforesaid, the said sheriff repaired with said execution, to the usual place of abode of said *Timothy Frisbie*, in said *Branford*, and then and there duly demanded of him money, goods, or chattels to satisfy said execution, and said sheriff's fees thereon, but none were shewn or paid to said sheriff, nor could he, by the most diligent search, find any within his precincts whereon to levy ; whereupon the said sheriff, then and there, for want of property, levied said execution on the body of said debtor therein, and him committed to the keeper of the gaol in said county, within the prison.   Now, the plaintiff says, that the defendant, at the time hereinafter mentioned, had, and always has had, full knowledge of the premises and facts

aforesaid, but the defendant, notwithstanding the same, and minding and intending to cheat and defraud the plaintiffs in said suit, and to prevent them from obtaining satisfaction of the judgment which might be rendered against said *Timothy Frisbie*, to avoid the payment and satisfaction of the judgment and execution, which had been obtained in said cause against the said *Timothy Frisbie*, fraudulently and wickedly, and in violation of the act, entitled " *An Act against fraudulent Conveyances*," took and received of and from the said *Timothy Frisbie*, without any valuable consideration therefor, a certain covinous deed or conveyance, duly executed, and dated the 21st day of *January*, 1818, and before the trial and judgment herein before mentioned, of all the said *Timothy Frisbie's* real estate, of every name and nature, for the pretended and feigned consideration of 680 dollars; which said deed was, immediately after the execution of the same, duly recorded, *viz.* a release deed or conveyance, purporting to convey from said *Timothy Frisbie* to the defendant one lot of land, &c. [describing three or four parcels of land, with the buildings thereon, in *Branford*;] and one year's value of the same, and of the buildings thereon, is 500 dollars. And the defendant, with a like fraudulent intent, and to defeat the plaintiff in obtaining satisfaction of said judgment, *viz.* at *New-Haven*, on or about the 26th day of *January*, 1818, and before the trial and judgment herein-before mentioned, took and received, in violation of the statute aforesaid, and without any consideration, but for the false and pretended consideration of 1100 dollars therein expressed, from the said *Timothy Frisbie*, a certain fraudulent bill of sale or contract, by him then and there executed, and purporting to be a transfer or bill of sale from him to the defendant of one fourth part of the sloop, called *Lottery*, and one fourth part of the cargo then on board the same; which fourth part of the said sloop and cargo, the said *Timothy Frisbie* then owned; said sloop being an enrolled or coasting vessel, of 92 tons burthen; and the said fourth part of said sloop and cargo was, and now is, well worth 1500 dollars. And the plaintiff says, that the defendant took and received the said release deed or conveyance, and said bill of sale, from the said *Timothy Frisbie*, without rendering any equivalent consideration therefor, and for the sole purpose of cheating and defrauding the plaintiffs in

New-Haven,
July,
1820.

Fowler
*v.*
Frisbie.

41

said action as aforesaid. And the defendant has taken said lands and buildings, and said *Timothy Frisbie's* interest in said sloop and cargo into his, the defendant's, possession, so that the same never might be levied on or taken to satisfy said judgment and execution. And ever since the date and execution of said deed and bill of sale, as aforesaid, the defendant has justified, and still does wittingly, wickedly, and fraudulently justify the said fraudulent deed or conveyance and bill of sale, to be done *bona fide*, and upon good consideration; and has and does claim and possess all the said lands and buildings, and said fourth part of said sloop and cargo, by virtue of said false and fraudulent deed and bill of sale, and has thereby wholly prevented the plaintiffs in said action from collecting and satisfying the said judgment and execution, or any part thereof, out of the said lands and buildings, and vessel and cargo; and particularly, at said *Branford*, on or about the 12th day of *February*, 1818, the defendant did wittingly and fraudulently justify the said conveyance and bill of sale to have been done *bona fide*, and for good consideration; whereby an action has accrued to the plaintiff, to demand and recover and have of the defendant the sum of 500 dollars, being one year's value of said lands and buildings, and also 1500 dollars, being the whole value of said fourth part of said sloop and cargo, and also the sum of 680 dollars, being the sum contained in said covinous deed, and also the sum of 1100 dollars, being the sum contained in said covinous and fraudulent bill of sale, the one moiety of said several sums for himself, and the other moiety thereof for the treasurer of said *New-Haven* county."

The second count stated a fraudulent conveyance from *Timothy Frisbie* to the defendant, by means of the deed alone; and the third count stated a similar conveyance, by means of the bill of sale alone; but, in other respects, these counts did not essentially vary from the first count.

The defendant demurred to the declaration; and the court reserved the case.

*Daggett*, in support of the demurrer, contended, 1. That from the facts appearing on the declaration, the wife of the plaintiff should have been joined with her husband in the suit, she being the party *grieved* within the statute. The party

grieved is the party whose right is attempted to be destroy- New-Haven, July, 1820. ed or defeated, by means of the conveyance. The right at- tempted to be destroyed or defeated, in this case, was the right of redress for a personal injury to the wife. For that Fowler v. Frisbie. injury the husband alone could maintain no action; and the action in fact pending, when the alleged conveyance was made, was an action brought by the husband and wife. If he had died, the right of action would have survived to her a- lone; but if she had died, it would have been lost. Further, it would be *unjust*, if it were not illegal, to sustain a recove- ry in this case, by the husband alone, as the avails, on his death, would go to his executors, and not to her. *Reeve's Dom. Rel.* 63. 126,7. *Com. Dig. tit.* Baron and Feme. V. W. X.

2. That the alleged conveyance was not fraudulent within our statute, being a conveyance to defeat the plaintiff's claim for damages in an action of slander; and therefore, not to defeat a "creditor," within the meaning of the statute. *Fox* v. *Hills*, 1 *Conn. Rep.* 295. The conveyance may have been void at common law; but the common law does not in- flict the severe penalties, which the plaintiff in this case seeks to recover.

*N. Smith* and *Staples*, contra, contended, 1. That the plaintiff was a "party grieved," and as such was entitled to sue, without joining his wife. The injury consisted, not in de- feating a *recovery* by the husband and wife, in which she had an interest, but in preventing a *satisfaction of the execution*, by which he alone would be benefited. A penalty, accruing during coverture, though for an injury to the wife, belongs, when received, exclusively to the husband; and if he is prevented from receiving it, he is thereby injured.

2. That if the conveyance in question was an injury to the wife, yet as the husband was injured jointly with her, the non-joinder of the wife is not a ground of *demurrer* to the declaration. This is not like an action on a joint contract, where proof of a contract with other promisees produces a fatal variance. If it is competent for the defendant to com- plain, that he is not assailed both by husband and wife, he must take the exception, by plea in abatement.

*New-Haven,*
*July,*
*1820.*

*Fowler*
*v.*
*Frisbie.*

3. That the declaration disclosed a sufficient cause of action. The conveyance in question was made with *design to defraud* the plaintiff, and to *avoid a duty* to him from the defendant. It was, therefore, clearly void, within the first section of the statute. Now, the same acts, which render the conveyance void, under the first section, incur the penalty inflicted by the second. The *description* of the conveyance, which is the subject of the act, is contained in the first section; the second section merely refers to that description, by the expression "such a fraudulent conveyance," and annexes the penalty.

Hosmer, Ch. J.    This case comes up on demurrer to the plaintiff's declaration; and from the facts appearing, it is clear, that the wife of the plaintiff is the party grieved, and should have been joined with the husband. The cause of action would survive to the wife, if she should outlive her husband; and in all such cases, the husband and wife ought to join. The injury resulting from the fraudulent deed, was a violation of her absolute rights; and in this, as in all other instances of wrongs, that have a similar operation, the suit must be brought in her name and that of her husband. Undoubtedly, he had an interest, or, more properly speaking, an *expectancy*, which might, or might not, be realized; but the interest of the wife, was directly and immediately affected.

The conveyance made to defeat a claim for damages in an action of slander, is not within the statute concerning fraudulent conveyances. This act was passed for the protection of *creditors* only, and avoids conveyances fraudulently made to avoid any *debt or duty*. In *Fox* v. *Hills*, 1 *Conn. Rep.* 275., the matter now in controversy was directly decided; and the word *duty*, as it is used in the statute, was considered as commensurate only with *debt*. The statute of 13th of *Eliz.* is unquestionably broader than ours, and was before the legislature when the act on which the plaintiff has sued was enacted. The expressions of the *English* statute were varied from, and for this obvious reason, because provisions of the same extent were not intended to be adopted. I merely glance at this subject, as I consider it to have been settled, by a former judgment of this Court.

PETERS, CHAPMAN and BRAINARD, Js., were of the same opinion.

*Fowler*
*v.*
*Frisbie.*

BRISTOL, J. declined giving any opinion, having been of counsel in a cause connected with this.

Judgment to be rendered for the defendant.