Hon. ASAHEL PECK,  
Hon. HOYT H. WHEELER, } Assistant Judges.  
Hon. JONATHAN ROSS,

---

WILDER T. CHURCH AND LUCY M. CHURCH v. THE TOWN OF WESTMINSTER.

*Highway. Notice of Injury thereon. Motion in Arrest. Pleading. Gen. Stat. ch. 33, § 9.*

If a married woman receive an injury by reason of the insufficiency of a highway, it is sufficient if the notice to the town be signed by her alone, and not signed by her husband.

However it may have been at common law, by § 9, ch. 33, of the Gen. Stat., the writ and declaration are blended and made one instrument; and in pleading, the writ may be referred to, to help out a defective averment, or the want of a material averment, in the declaration.

CASE for an alleged injury to the plaintiff, Lucy M. Church, occasioned by reason of the insufficiency of a highway in the de-

fendant town.   Plea, the general issue, and trial by jury, September term, 1872, BARRETT, J., presiding.

The plaintiffs offered in evidence the following written notice :

"WESTMINSTER, January 7th, 1871.

*To Henry C. Lane, Esq., one of the selectmen of the town of Westminster.*

You are hereby notified that on the 22d day of December, 1870, I sustained a serious injury on easterly end of the bridge spanning Saxton's River near Gage's mill, in said town of Westminster, by reason of the insufficiency of said bridge, and that I claim ·satisfaction in damages of said town of Westminster, for said injury.                           LUCY M. CHURCH."

The defendant objected to the sufficiency of said notice ; but the court held the same ·sufficient ; to which the defendant excepted.

The plaintiff, Wilder T. Church, gave the town notice of his claim for damages, by a written notice in all respects like the one aforesaid, except that it was signed by him.   Verdict for the plaintiffs.   After verdict and before judgment, the defendant filed a motion in arrest, for the insufficiency of the declaration.   The court overruled the· motion, *pro forma*, and rendered judgment upon the verdict ; to which the defendant excepted.   The question raised by the motion appears from the opinion.

*Chas. N. Davenport* and *L. M. Read*, for the defendant.

The notice is defective.   Nothing appears to show a claim for satisfaction by the parties to this suit.   The town is entitled to notice by the "person injured or claiming damage," and that means the person or persons who afterward assert the claim by suit.   Compliance with the statute is a condition precedent to the right of action.   Acts of 1870, No. 49 ; *Matthie* v. *Barton*, 40 Vt. 286.   It is no answer to this objection, to say that Lucy M. Church was the person actually injured, because, in contemplation of law, the injury was to her in her relation of wife of Wilder T. Church.   While coverture existed, she had no several personal right which could be so injured by the defendant that she could legally claim satisfaction in damages.   Again, the notice, like the

declaration, is silent in regard to her marital relation. We submit that at least enough should appear in the notice to show the town and the court that the parties claiming satisfaction in damage out of court, are the same parties who are asserting a claim in court.

The defendant, after verdict and before judgment, filed a motion in arrest, for the insufficiency of the declaration. The ground of the motion is, that neither count contains any averment showing any right of action in favor of the plaintiffs jointly. It is supposed that the parties at some time may have sustained the relation of husband and wife, but there is nothing in the declaration to show it. It is an elementary principle of the law of husband and wife, that for injuries to her person or character, they must sue jointly. 3 Bl. Com. 140 ; 1 Chit. Pl. 83 ; *Clapp* v. *Stoughton*, 10 Pick. 470 ; Bing. Inf. 247 ; Schoul. Dom. Rel. 106. And in the language of Schouler : " It is a well recognized principle both in England and America, that whenever the wife is the meritorious cause of action, her interest must appear on the face of the pleadings, or the omission will be fatal." Schoul. Dom. Rel. 107 ; *Ryan et ux.* v. *Madden*, 12 Vt. 51. And there is an entire uniformity of decision and authority to the same effect. Bing. Inf. 247 ; *Serres et ux.* v. *Dodd*, 5 B. & P. 405 ; *Thorne* v. *Dillingham*, 1 Denio, 254.

It will be claimed that the description of the parties in the writ, is equivalent to an express averment that they were husband and wife. We do not so understand it. Under our statute, which provides that " every original writ returnable to the county court, shall mention the court, time and place of appearance, *and contain a declaration, setting forth the cause of action in due form of law*," the plaintiff must set forth in " *due form*" in his declaration, what would constitute a sufficient cause of action. If he fails to do it, the common law remedy of demurrer, or motion in arrest, is still within the reach of the defendant. Gen. Stat. 290, § 9. The statute only operates to unite in one instrument, what at common law, constituted the three first steps in the path to justice. The *original writ*, which was a command under the great seal of the king to the defendant to appear in court and answer

to what the plaintiff might allege against him ; the *process*, which was the method to compel compliance with the command in the writ, and which was sometimes in the form of an attachment, and sometimes of a capias ; and the *declaration*, which was " a specification in a methodical and legal form, of the circumstances which constitute the plaintiff's cause of action." 1 Chit. Pl. 276 ; 3 Bl. Com. 292. We have found no case where it has been held that a defective declaration can be cured by reference to the writ or process ; and such a decision would help to abolish the distinction between the really good lawyer, and the modern pretender.

*W. S. Myers*, for the plaintiffs.

The cause of action against the town became complete in the plaintiffs upon the receiving of the injury complained of through the insufficiency of the highway ; and the right to maintain it, upon the giving of the notice contemplated by the statute. The provision of the statute requiring notice is wholly for the benefit of the town, to enable it to seasonably investigate the claim, before the means of proof disappears by lapse of time, and through failure of memory and the death of witnesses, and, also, to guard against unfounded claims, on account of injuries pretended to have been received long before the claims are set up ; and we insist that a written notice that puts the town in the way of realizing all the benefit the statute was designed to confer, is sufficient. *Barton et ux.* v. *Montpelier*, 30 Vt. 650 ; *Kent* v. *Lincoln*, 32 Vt. 591 ; *Matthie* v. *Barton*, 40 Vt. 286. The notice signed by Lucy M. Church is not only a *substantial*, but a *literal* compliance with the statute.

Although it was necessary that the husband, Wilder T. Church, should join in the suit against the town, in order to enforce a claim for damages after the right to maintain it had been perfected by notice, yet, notice given in the name of the wife (the person injured), is as effectual to the town for the purpose of putting them in the way of realizing all the benefits the statute was designed to confer, as though the notice had been given by the husband, or by the husband and wife jointly. It was the wife that received the injury. It is a cause of action that would have sur-

vived to her in case of the death of her husband. It is therefore her suit; and it is only to answer the requirement of a technical rule of law, that the husband is required to be joined.

Again, it is conceded that the town received from the plaintiff husband a written notice of the happening of the accident and the receiving of the injury, identical with the notice of the plaintiff wife, and such notice given by the husband, was held to be good, by BARRETT, J., in delivering the opinion of the court in *Barton et ux.* v. *Montpelier*. Therefore, if the notice of the husband was good and sufficient (and it was received without objection), and the notice of the wife was improperly received by the court below (which we do not concede), it was not such an error as will justify this court in reversing the judgment of the county court, because the defendant has been in no manner prejudiced thereby.

The declaration is sufficient. Under our practice, the writ and declaration are made one process. The relation of the plaintiffs to each other at the time of bringing the suit, was set up in the writ. It is declared that Lucy M. Church is the wife of Wilder T. Church, and as such, she joins with him in bringing the suit. The allegation in the declaration is, "that the said Lucy M. Church was greatly injured," &c. Reference is to be had to what has been before stated in the writ, viz: "Lucy M. Church, wife of the said Wilder T. Church.

If there is any informality in the declaration in this particular, it is purely technical, and was cured by the verdict.

No averment is necessary that Lucy M. Church was the wife of Wilder T. Church at the time of the happening of the injury complained of. It is sufficient that she was his wife at the time the action was brought.

The opinion of the court was delivered by

Ross, J.  I.  The written notice signed by the plaintiff wife, and delivered the selectman of the town, is sufficient. It contains all that is required by the statute, and was seasonably delivered. The defendant makes no question as to its sufficiency, except that it should have been signed by both plaintiffs. The statute re-

quires the notice to be given "by the person injured or claiming damage." This language indicates that when the injury for which damages are claimed is to a person, that person must give the notice, and when the injury is to the property, the owner of the property damaged must give the notice. Hence the language is in the alternative. The wife alone is the person injured. We also think, though by the common law the husband must be joined with her as plaintiff in the suit, she alone is the person claiming damage; and the notice would be sufficient if the language of the statute had been, "by the person injured *and* claiming damage." She is the meritorious cause of action. If he had died before, or during the pendency of, the suit, the action would have survived to her. The damages when recovered, until reduced to possession by the husband, belong to the wife. If she had died before, or during, the pendency of the suit, the action would not have survived to him. *Russell et ux.* v. *Corne*, 1 Salk. 119; *Higgins* v. *Butcher*, Yelv. 89. The defendant is entitled to no advantage by its exception.

II. We think, too, that the motion in arrest is not well founded. The defendant claims that the declaration fails to disclose any cause of action in these plaintiffs jointly, inasmuch as it does not allege that Lucy M. Church is the wife of Wilder T. Church, and claims that the court cannot look to any part of the writ outside the declaration proper, to help out this alleged deficiency. Whether it was true, as claimed by the defendant, that under the common law proceedings, where the "original writ," "process," and "declaration," were each a separate and distinct instrument, complete in and of itself, no reference could be had by the court to the "original writ," or "process," to help out any lack of averment or substance in the declaration, we have not taken time to examine or determine. By Gen. Stat. ch. 33, § 9, the three instruments which the plaintiff at common law would have been compelled to use, to bring the defendant into court and state his cause of action, are blended in one instrument, and the declaration is thereby made a part of the writ. The whole must be treated and construed as one instrument. When, therefore, the defendant is summoned to answer to Wilder T. Church and Lucy

M. Church, wife of the said Wilder T., and the declaration states that " the said plaintiffs were passing along, upon, and over said bridge," &c., "and the said Lucy M. Church was thereby greatly injured," &c., the defendant, by the words " *said* Lucy M. Church," is by the pleader referred to the previous description which has been given of Lucy M. Church, to wit, " wife of said Wilder T." ; and the words, " said Lucy M. Church," by the reference to what had before been said of her, was equivalent to saying, " and Lucy M. Church, who is, at the date of this writ, the wife of Wilder T. Church, was thereby greatly injured."

With such an averment in the declaration, it discloses a cause of action in Lucy M. Church, for the recovery of which, by reason of the marital relation existing between them, Wilder T. and Lucy M. Church must join as plaintiffs.

Judgment affirmed.