## ADDIE C. WESTCOTT, ADMX. v. CENTRAL VERMONT R. R. CO.

*Tort. Action in favor of Widow when Death Results. Averments necessary under R. L. ss. 2138–9. Pleadings.*

1. The declaration alleged that the death resulted from the tortious act of the defendant, that deceased left a widow and next of kin, and that plaintiff was his personal representative; *held*, that this showed a cause of action under R. L. ss. 2138-9 without the further allegation that the suit was brought for the benefit of such widow and next of kin.

2. But, inasmuch as the damages recoverable in such action go only to the beneficiaries who are living when such is brought, the fact that such beneficiaries are then living must be averred.

3. The names, ages, and residences of the beneficiaries, together with the extent of their dependence on the deceased need not appear in the declaration. If these facts are necessary to the defense, the court can order a specification.

4. The averments in the writ are treated as a part of the declaration.

This was an action of trespass on the case brought by the plaintiff, as administratrix of the estate of Samuel S. Westcott, against the defendant, for its tortious act resulting in the death of the intestate. The defendant demurred generally to the plaintiff's declaration. The court, September Term, 1888, Ross, J., presiding, sustained the demurrer, and adjudged the declaration insufficient; to which the plaintiff excepted.

The following is so much of the writ and declaration as is material to an understanding of the questions raised and decided :

" By the authority of the State of Vermont, you are hereby commanded to attach, etc., * * * then and there to answer unto Addie C. Westcott, of Waterbury, in the county of Washington, administratrix of the estate of Samuel S. Westcott, late of Burlington, aforesaid, deceased, leaving a widow and one minor child, as such administratrix, whose letters, etc."

Then follow the usual averments of liability on the part of the defendant, but without any reference at all to the capacity in which the administratrix sues, or for whose benefit, or for what purpose the suit is brought, concluding in these terms, "By means of which improper and unlawful acts and neglects of the said defendant, the car in which the said Westcott was so riding and being transported was violently thrown from said railroad track and he was thereby then and there killed.

"To the damage of the plaintiff (as such administratrix) as she says, $20,000."

At a subsequent term of court, the plaintiff filed an additional count, substantially like the one contained in the writ, but concluding in these words : "By means of all which improper acts and neglects of the said defendant, the car in which the said Westcott was so being transported was violently thrown from the railroad track, and he was thereby, then and there and within two years before the commencement of this suit, killed, leaving a widow and next of kin surviving."

*Hard & Cushman,* for the plaintiff.

This action is based on R. L. ss. 2138 and 2139 The material facts requisite to support such action are, that the death of the intestate was caused, in this State, by the tortious act of defendant; that the intestate left surviving him a widow, or next of kin, or both, and that the plaintiff is his administrator. These facts all appear in the declaration.

No reference in the declaration to the statute upon which the action is brought is necessary. *Drown* v. *Stimson,* 2 Mass. 441, 444 ; *Bath* v. *Freeport,* 5 Mass. 325.

There can be no doubt as to what law the action is founded upon. The declaration is in favor of the administrator, and alleges that his intestate was instantly killed, and left surviving a widow and next of kin. *Hollenbeck* v. *B. R. R. Co.,* 9 Cush. 478.

The declaration alleges that at the time of his death, the intestate left a widow and next of kin, then alive, and the legal

presumption is that they are living now, and were at the commencement of this suit.

There is no authority for the contention that the names and residences of the beneficiaries should be stated in the declaration. *Com.* v. *B. & W. R. R. Co.*, 11 Cush. 512; *Com.* v. *Eastern R. R. Co.*, 5 Gray, 473; *Com.* v. *B. & A. R. R. Co.*, 121 Mass. 36; *State* v. *Gilmour*, 4 Foster, 461; *Stewart* v. *T. H. & I. R. R. Co.*, 103 Ind. 44.

*Guy C. Noble*, and *Henry Ballard*, for the defendant.

The declaration is defective in that it does not allege that the intestate left surviving a widow and next of kin. The description of the plaintiff in the writ cannot avail.

Also in that it does not allege that such widow and next of kin were living at the time the suit was begun. 3 Wood's Ry. Law, p. 1535; Pierce on Rys. 392; *Wilson* v. *Bumstead*, 12 Neb. 1; *Nash* v. *Tansley*, 28 Minn. 5; *Lucas* v. *R. R. Co.*, 21 Bar. 247; *Gettle* v. *B. & O. R. R. Co.*, 3 W. Va. 376.

It is further defective in that it does not give the names, residence or ages of the beneficiaries, nor their degree of dependence. *Gettle* v. *R. R. Co.,* '*supra.*

The amount of damages depends on the pecuniary interest which the beneficiaries have in the life of the deceased, and the defendant cannot intelligently prepare his defense unless he is informed as to the extent of that interest.

The declaration is further defective because it does not aver for what cause of action the suit is brought, whether for the damages which would accrue to the estate of the intestate, or for the benefit of his widow and next of kin. *Needham* v. *Grand Trunk Ry.*, 38 Vt. 304.

The opinion of the court was delivered by

TAFT, J. When the death of a person results from the tortious act or neglect of another, two rights of action may arise, one to recover damages sustained by the deceased at the time of or after the injury and prior to his death; the other to recover damages to the widow and next of kin. Both rights must be

prosecuted in the name of the personal representative of the deceased. In this case it is insisted, under a general demurrer, that the declaration is defective in that it does not show for which cause of action the plaintiff is seeking to recover, the defendant claiming that it should be explicitly averred whether the actions were brought for the benefit of the estate or of the widow and next of kin. We think it should so appear from the declaration, and the question is, does it in the one under consideration? It is apparent that the substantial averments of the declaration in both cases must be the same, *i. e.*, that the death of the intestate was caused in this State, by the tortious act, neglect or default of the defendant, and that the plaintiff is the personal representative of the deceased. If the declaration contains the above averments it is sufficient, and under it a recovery can be had for any damages sustained by the deceased on account of the cause of action mentioned in R. L. ss. 2134–5. But when to the above averments is added the allegation that the intestate left a widow and next of kin, or either, it sets forth a cause of action under the subsequent sections, 2138–9. Every fact which it is incumbent upon the plaintiff to prove is fully set forth in such a declaration. Why, then, is it not sufficient? It is only by force of the statute that an action for the benefit of the widow or next of kin can be maintained, and in bringing it the pleader could have recited the statute, counted upon it, or without referring to it in any manner, alleged those facts which brought the case within the terms of it, stating those facts upon which the claim was sought to be maintained. Gould's Pl. ch. 3, s. 15, note 3. In respect of this question, which is made under points 1, 2 and 5 in the defendant's brief, we hold the declaration sufficient under sections 2138–9 to permit a recovery for the benefit of the widow and next of kin. It is contended that there is no allegation that the deceased left a widow or next of kin, but the fact is otherwise. In the original writ the person killed is described as deceased, leaving a widow and one minor child. This part of the writ, although descriptive of the person, may be referred to to help out the want of a material averment in

the declaration.   *Church* v. *Westminster*, 45 Vt. 380.   In the additional count it is alleged that Westcott was killed, leaving a widow and next of kin surviving.   Such an allegation is undoubtedly necessary, and in this respect both counts are sufficient. There is no allegation in the declaration that the widow and next of kin were living at the time the suit was brought, and the defendant insists that the declaration is defective for that reason. We think it depends whether the cause of action dies with the beneficiary.   The statute provides that the action shall be brought in the name of the personal representative of the deceased, and that "the amount recovered shall be for the benefit of the wife and next of kin."   The recovery being solely for their benefit, it necessarily follows that the action cannot be maintained if there are no such persons in existence, and if it cannot be, then the allegation that there are such persons in existence at the time the suit is brought is necessary.   For the want of such an allegation, the declaration in this case is defective. *Woodward* v. *C. & N. Ry. Co.*, 23 Wis. 400 ; *State* v. *B. & O. R. Co.*, (Md.) 17 Atl. Rep. 88.

The difficulties further suggested by the defendant's counsel in respect of the being unable to defend the case, upon the ground that the elements of the damages are not sufficiently set forth, are not those caused by any defect in pleading, but such as can always be removed by suitable specifications, which all courts have full power to order.   The English statute, 9 and 10 Vic., requires no change in the ordinary mode of declaring for the injury, but requires the plaintiff to deliver with the declaration a "full particular of the person or persons for whom or in whose behalf the action is brought."   In proceedings by indictment under analogous statutes, it has been held that "it is sufficient if the administrator is named, and that it is alleged that the deceased has left heirs-at-law."   *Com.* v. *R. Co.*, 11 Cush. 512 ; 5 Gray, 473 ; 121 Mass. 36 ; *State* v. *Gilmour*, 4 Fost. 461. In *Gettle* v. *B. & O. R. Co.*, 3 W. Va. 376, it was held that the widow and next of kin should be accurately set forth and designated by name, and that the damages were claimed for

their aid. There was no allegation that the deceased left a widow and kin and the declaration was clearly defective, and while the remarks of the judge may not have been *obiter*, they do not contain a correct statement of the law. The strict rule of pleading insisted upon by the defendant's counsel would require an allegation of every fact which tends in the least degree to affect the amount of damages to which the plaintiff is entitled. Under what rule can it be consistently claimed that the residence of the beneficiary, the extent of his dependence, or his age, (although the latter facts might become very material in passing upon the question of damages) should be alleged in the declaration? There is no rule requiring it. This latter point, if good law, could not avail the defendant under a general demurrer. A special demurrer only could reach it. An allegation that the intestate left a widow and next of kin, or either, and that they were living at the commencement of the suit, is all that is required in this respect.

*Judgment affirmed with leave to replead.*

Tyler, J., being absent in County Court, did not sit.