[S. F. No. 18997. In Bank. July 13, 1954.]

BERTHA KESLER et al., Appellants, v. FRED W. PABST, Respondent.

William A. Sullivan for Appellants.

Melvin M. Belli, Myron L. Garon, Arthur Wasserman, Zeman, Hertzberg & Schekman, Samuel Schekman, Hirson & Horn, Theodore A. Horn, Pollock & Pollock, Edward I. Pollock, Stanley Fleishman, Ashe & Pinney, Nichols, Richard, Allard & Williams, Van H. Pinney, Jesse E. Nichols, Hoberg & Finger, Shirley, Saroyan, Calvert & Peterson and John H. Peterson as Amici Curiae on behalf of Appellants.

Partridge, O'Connell & Whitney and Wallace O'Connell for Respondent.

Parker, Stanbury, Reese & McGee, Dana, Bledsoe & Smith, Bronson, Bronson & McKinnon, Trippet, Newcomer, Yoakum & Thomas, Belcher, Kearney & Fargo, C. W. Cornell, E. D. Yeomans, O. O. Collins, Moss, Lyon & Dunn, Wayne Veatch and Henry Walker as Amici Curiae on behalf of Respondent.

TRAYNOR, J.—On the evening of July 11, 1950, plaintiffs, Mr. and Mrs. Kesler, were injured in a collision with defendant's automobile, when Mr. Kesler attempted to drive his car across Bayshore Highway at the Cypress Avenue intersection in San Mateo County. Plaintiffs brought this action to recover for their personal injuries and for property damage to the automobile. Defendant denied that he was negligent and pleaded contributory negligence of Mr. Kesler. The jury returned a verdict for defendant, and judgment was entered accordingly. A motion by Mrs. Kesler for judgment notwithstanding the verdict on the issue of liability in her favor was denied, and plaintiffs have appealed from the judgment and from the order denying Mrs. Kesler's motion.

Plaintiffs do not contend that the evidence is insufficient to support a finding that Mr. Kesler was contributively negligent. Mrs. Kesler contends, however, that the trial court erred in instructing the jury that contributory negligence of her husband would be imputed to her and bar her recovery. She bases this contention on a written instrument, executed after the accident, by which her husband relinquished to her his interest in her cause of action. She points out that according to the terms of the agreement, her cause of action became her separate property and that therefore her husband would not be unjustly enriched by her recovery, as he would had the cause of action remained community property.

In *Flores* v. *Brown*, 39 Cal.2d 622 [248 P.2d 922], the question was presented whether the husband's death prevented the imputation of his contributory negligence to his wife in an action for her injuries and for the wrongful death of the minor child of the parties. It was held that the husband's negligence did not bar his wife's recovery. "In the absence of an agreement to the contrary, it is settled that a cause of action for injuries to either the husband or the wife arising during the marriage and while they are living together is community property [citations], and the same rule is applicable to a cause of action for the wrongful death of a minor child, or for damages suffered by the parents because of injury to such a child. [Citations.] Accordingly, in all of these situations it is ordinarily necessary to impute the negligence of one spouse to the other to prevent the negligent spouse from profiting by his own wrong. [Citations.] When the marriage is dissolved, however, the interests in any of these causes of action become separate property, and it becomes possible to segregate the elements of damages that

would, except for the community property system, be considered personal to each spouse. Under these circumstances the objective of preventing unjust enrichment may be accomplished by barring only the interest of the negligent spouse or his estate.'' (39 Cal.2d at 630-631.) In the present case the pivotal question is whether this objective may also be achieved by an agreement between the spouses executed after the cause of action has accrued by which they purport to convert a community cause of action into the separate property of the injured spouse.

It is unnecessary to determine whether the general rule of nonassignability of causes of action for personal injuries renders ineffective a purported relinquishment of an interest in such a cause of action executed after the cause of action has arisen. (See *Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712, 719-721 [103 P. 190].) ▉ Even if it is assumed that such a relinquishment is effective between the spouses, its execution does not prevent the negligent husband from profiting by his own wrong. By his act of relinquishment Mr. Kesler sought to exercise control over his interest in the community cause of action and give up his rights in the recovery. The right to dispose of property, however, constitutes a major interest of the owner therein, and if by the exercise of such right the owner could avoid the effect of his contributory negligence and thus create an enforceable right in his donee that did not theretofore exist, he would in fact profit by his own wrong. Accordingly, the objective of preventing unjust enrichment cannot be accomplished by a voluntary relinquishment of the negligent husband's interest to his wife.

It is contended, however, that the logical consequence of the holding in *Flores* v. *Brown, supra,* is that a negligent husband is not unjustly enriched by his wife's recovery after he has relinquished his interest in her cause of action to her. In support of this contention it is urged that in that case the wife was allowed to recover for all of the damages suffered by her, although her husband's interest must have passed through his estate to her on his death. The argument concludes that since no unjust enrichment resulted in that case by permitting the husband's interest to pass to his wife through his estate, no unjust enrichment would result by allowing him to give his interest to her directly. This contention overlooks the peculiar character of the wife's cause of action for personal injuries. ▉ Although it was determined in *Mc-*

*Fadden* v. *Santa Ana etc. Co.,* 87 Cal. 464 [25 P. 681, 11 L.R.A. 252], that the wife's cause of action is community property, it remained the settled law, even before section 370 of the Code of Civil Procedure was amended in 1913 to allow the wife to sue alone, that the wife was a necessary party to the action. (*Moody* v. *Southern Pac. Co.,* 167 Cal. 786, 790-791 [141 P. 388].) As was pointed out in the Moody case this rule was adopted at common law to prevent the cause of action for the wife's injuries from abating on her husband's death. (See also *Fink* v. *Campbell,* 70 F. 664, 667 [17 C.C.A. 325]; *Fowler* v. *Frisbie,* 3 Conn. 320, 324; *Fuller* v. *Naugatuck Railroad Co.,* 21 Conn. 557, 573-574; *Church* v. *Town of Westminster,* 45 Vt. 380, 385; *Horandt* v. *Central R. Co. of New Jersey,* 78 N.J.L. 190 [73 Atl. 93, 96].) ''Although at common law the cause of action for the wife's suffering was the separate property of the husband, it was settled that the wife was a necessary party to the suit, the reasoning being that, as the authorities express it, she was the 'meritorious cause of action,' and that in case of his death pending suit the cause of action would survive to her. . . . The proposition that, although the right of action is community property, yet the wife is a necessary party in this particular class of cases, is no more illogical than the rule at common law that the wife must join though the right was the separate property of the husband. The reasons for the decisions under the common law are applicable to the case where the right is community property, as fully and completely as to the case where it is the husband's separate property.'' (*Moody* v. *Southern Pac. Co., supra,* 167 Cal. 786, 790-791 [141 P. 388].) ██ Thus, since on her husband's death, the wife's entire cause of action survives to her by operation of law, the husband cannot, either by exercising or failing to exercise his power of testamentary disposition over half of the community property, affect his wife's rights in her cause of action. Accordingly, he is not unjustly enriched by allowing his wife her full recovery. ██ In the present case, on the other hand, Mrs. Kesler did not secure the entire interest in her cause of action by the occurrence of events beyond her husband's control; she secured it, if at all, only because he voluntarily relinquished it to her, and accordingly, the reason for the rule imputing his negligence to her has not ceased to exist.

Amici curiae contend that to the extent that the wife has been given the management and control of the damages re-

covered by her for her personal injuries by section 171c* of the Civil Code, the husband's interest therein has become so attenuated that it should not be considered sufficient to justify imputing his negligence to her. In the light of this statutory change, it is contended that the evil of permitting the negligent defendant to escape liability is no longer outweighed by the benefits the negligent spouse might secure by his own wrong. (See *Flores* v. *Brown, supra,* 39 Cal.2d 622, 632.) In this connection it is pointed out that the older cases in which the wife's negligence was imputed to her husband were decided primarily on an agency theory, and not on the theory that the wife's nonmanagerial interest in the community property was sufficient to justify imputing negligence to prevent her from profiting by her own wrong. (See opinion on denial of hearing by the Supreme Court in *Keena* v. *United Railroads of S. F.,* 57 Cal.App. 124, 132 [207 P. 35].) Since it is now settled that the family relationship standing alone is not sufficient to convert family activities into joint enterprises, or to make one spouse the agent of the other, for purposes of imputing negligence (*Flores* v. *Brown, supra,* 39 Cal.2d 622, 630, and cases cited), it is contended that the entire doctrine of imputed negligence between spouses should be re-examined in the light of the statutory change with respect to the right of management and control of damages recoverable for personal injuries. In the present case, however, the cause of action arose before section 171c was added to the Civil Code in 1951, and at a time when Mr. Kesler was entitled to the management and control of any damages his wife might recover. Accordingly, it is unnecessary to decide at this time

---

*"Notwithstanding the provisions of Section 161a and 172 of this code, and subject to the provisions of Sections 164 and 169 of this code, the wife has the management, control and disposition, other than testamentary except as otherwise permitted by law, of community property money earned by her, or community property money damages received by her for personal injuries suffered by her, until it is commingled with other community property, except that the husband shall have management, control, and disposition of such money damages to the extent necessary to pay for expenses incurred by reason of the wife's personal injuries.

"During such time as the wife may have the management, control and disposition of such money, as herein provided, she may not make a gift thereof, or dispose of the same without a valuable consideration, without the written consent of the husband.

"This section shall not be construed as making such money the separate property of the wife, nor as changing the respective interests of the husband and wife in such money, as defined in Section 161a of this code."

what effect, if any, section 171c may have on the rule of imputing contributory negligence between husband and wife.

Plantiffs contend that the trial court erred in refusing to give certain instructions offered by them. We have carefully examined all of the instructions and have concluded that the trial court correctly determined that the substance of all of the requested instructions was adequately covered by the instructions that were given.

The judgment and the order are affirmed.

Shenk, Acting C. J., Edmonds, J., Schauer, J., Spence, J., and Peek, J. pro tem.,* concurred.

CARTER, J.—I dissent.

I cannot agree that a cause of action in the wife for her personal injuries is a "community cause of action." As I pointed out in my dissent in Zaragosa v. Craven, 33 Cal.2d 315, 325, et seq. [202 P.2d 73], the wife has a right to sue alone for her personal injuries (Code Civ. Proc., § 370; Sanderson v. Niemann, 17 Cal.2d 563, 567 [110 P.2d 1025]), and the recovery therefor should be her sole and separate property (William Quinby de Funiak, Principles of Community Property, pp. 225, 231, 232; 24 Cal.L.Rev. 739, 741; Rest. Torts, § 487).

In the Zaragosa case I pointed out that since the 1921 amendment to section 370 of the Code of Civil Procedure, a married woman may sue without her husband being joined as a party in all actions ". . . including those for injury to her person. . . ." and that any recovery received by her should, logically, be her separate and personal property. This court, however, continues to hold, without due consideration, that the cause of action for the wife's personal injuries is a community cause of action and that any recovery therefor should also be community property. This holding, carried to its illogical conclusion, prevents the injured, wholly innocent, wife from recovering a single cent if her husband was guilty of contributory negligence. To hold that since the wife may sue alone for her personal injuries any recovery therefor would be her separate property would not constitute judicial legislation but would be, merely, a reasonable interpretation of the statutes in the light of everyday common sense. The only reason given for barring the injured wife of a contribu-

*Assigned by Chairman of Judicial Council.

torily negligent spouse is that he might profit from his own wrong because of the community property theory concerning the damages. Surely it would not be too difficult, or onerous, for a judge or jury to segregate the damages which should be considered a community expense and those which should be considered compensatory to the wife for her pain, suffering, disfigurement and temporary and future disability. Such segregation of damages is often accomplished in other situations. No difficulty is encountered in establishing compensatory and exemplary damages and I see no reason why the obstacle here should not be surmounted with even greater ease. To hold that any recovery for personal injuries of a married person is community property suggests numerous injustices which might occur. Suppose, for example, that a wife is permitted to recover $10,000 for the loss of a leg. The sum recovered immediately becomes community property over which the husband has control. He may dissipate it, or spend it unwisely. The marriage may be dissolved, through death or divorce, and the wife will be left without any compensation for her disfigurement and permanent disability. Presumably, however, in the situation which I have just suggested this court would permit the husband to relinquish his share in the sum recovered to the wife if he so desired.

In the instant case, the wife's cause of action for her injuries arose when the accident occurred. Thereafter, the husband sought to relinquish to her, by written agreement, any interest he might have in that cause of action. In holding that the negligent husband would still be profiting by his own wrong, a majority of this court says ''Even if it is assumed that such a relinquishment is effective between the spouses, its execution does not prevent the negligent husband from profiting by his own wrong. By his act of relinquishment Mr. Kesler sought to exercise control over his interest in the community cause of action and give up his rights in the recovery. The right to dispose of property, however, constitutes a major interest of the owner therein, and if by the exercise of such right the owner could avoid the effect of his contributory negligence and thus create an enforceable right in his donee that did not theretofore exist, he would in fact profit by his own wrong. Accordingly, the objective of preventing unjust enrichment cannot be accomplished by a voluntary relinquishment of the negligent husband's interest to his wife.'' When this holding is considered in connection

with that of *Flores* v. *Brown,* 39 Cal.2d 622 [248 P.2d 922], it becomes at once apparent that a majority of this court will fit its law to the facts as it chooses without regard to either logic or justice.

In the Flores case, Mr. Flores and a son were killed, Mrs. Flores and their daughter were injured. This court refused to impute the contributory negligence of Mr. Flores to his wife so as to bar her recovery for her injuries and the death of their son. It was there said : "*When the marriage is dissolved, however, the interests in any of these causes of action become separate property,* and it becomes possible to segregate the elements of damages that would, except for the community property system, be considered personal to each spouse. Under these circumstances the objective of preventing unjust enrichment may be accomplished by barring only the interest of the negligent spouse or his estate.

"Mr. Flores died in the same accident in which his wife was injured. To allow her to recover for her personal injuries will in no way enrich Mr. Flores *or those who might take through him.* . . .

"When the husband is dead, not only is the reason for the rule imputing his negligence to his wife gone, but to apply it defeats its own purpose. It is but a windfall to a defendant who negligently injures a wife or causes the death of a minor child that recovery may be barred because the wife's husband was also negligent. Although allowing the negligent defendant to escape liability has been considered a lesser evil than allowing the negligent spouse to profit from his own wrong, surely the former evil may not be balanced by the latter when the latter is no longer present." (Emphasis added; *Flores* v. *Brown, supra,* 39 Cal.2d 622, 631-632.)

The cause of action for personal injuries, or death, arises at the time of the accident. It has been held that a cause of action for personal injuries of either a husband or wife is community property. Mrs. Flores' cause of action for her own personal injuries was, therefore, community property because it arose at the time of the accident in which her husband was killed. *The marriage was not dissolved by death prior to the time. the cause of action arose!* Any damages recoverable are so *only* because of the cause of action. Had it not been for the cause of action there would have been no recovery. If the cause of action is community property, then the recovery must also be community property inasmuch as this court has held that a relinquishment *after* the cause

of action has arisen is ineffectual! To hold that Mr. Flores' death, after the cause of action arose, was sufficient to release to Mrs. Flores any recovery for her personal injuries but points out the factual similarity between the two cases and the illogical dissimilarity in the holdings. To be sure, Mr. Flores could not actually spend the money recovered by Mrs. Flores, but through his death he enabled his widow to receive a benefit she would not otherwise have had because of his contributory negligence. By his death, he created in her an "enforceable right . . . that did not theretofore exist" and "in fact" profited by his own wrong! The majority, however, finds no unjust enrichment in the Flores case and, in so finding, permits an event occurring after the cause of action arose to change the character of the cause of action. In this case we find no such "permission" and the injured spouse is barred because her negligent spouse might profit from any recovery even though he has voluntarily relinquished any and all interest he might have in that recovery.

Other states with identical statutes have reasoned the matter out logically and have concluded that *personal* injuries require *personal* compensation. In *Soto* v. *Vandeventer*, 56 N.M. 483 [245 P.2d 826], two questions were raised. The first was whether a married woman in New Mexico had the right to prosecute in her own name a cause of action against one who negligently inflicted bodily injuries upon her; and the second was whether the proceeds of a judgment on account of such injuries belonged to the wife as her separate property or were an asset of the community of herself and husband. The definition of what constitutes separate property of either spouse is identical to that pertaining in California (Civ. Code, §§ 162, 163), as is the definition of that which constitutes community property (Civ. Code, § 164). The Supreme Court of New Mexico, in an opinion written by the able and learned Chief Justice James B. McGhee, held that a married woman so injured had the right to prosecute in her own name a cause of action against one who negligently injured her, and that the proceeds of any judgment recovered by her would be her sole and separate property.

In *Soto* v. *Vandeventer, supra*, the New Mexico Supreme Court, speaking through Mr. Justice McGhee, has this so say: "We are of the opinion that reason, justice and a fair interpretation of our community statute, construed either in the light of the common or Spanish law, require that we

hold the cause of action for the personal injury to the wife, and for the resultant pain and suffering, belongs to the wife, and that the judgment and its proceeds are her separate property. She brought her body to the marriage and on its dissolution is entitled to take it away; she is similarly entitled to compensation from one who has wrongfully violated her right to personal security. If any writer has ever said a kind word for the majority holding, it has escaped our notice.

"Under the majority doctrine, if the wife were riding a horse she had brought to the marriage and some driver of a motor vehicle negligently struck her and the horse, throwing both into a wire fence, breaking the leg of each and also disfiguring them, the cause of action for the damage to the horse would belong to the wife, but that for the injury to her would belong to the community and the husband would receive one half of the proceeds of a judgment. In addition, the husband could, if he desired, refuse to bring suit for the injuries the wife had sustained. We decline to adopt such a rule in New Mexico.

"The cause of action for the damages to the community for medical expenses, loss of services to the community, as well as loss of earnings, if any, of the wife still belongs to the community, and the husband as its head is the proper party to bring such an action against one who wrongfully injures the wife."

Nevada also holds that compensation for a personal injury belongs to the person injured. (See *Fredrickson* v. *Watson Const. Co.* v. *Boyd,* 60 Nev. 117 [102 P.2d 627, 628].) In the Fredrickson case, the court said that "[i]n fixing the classification of the proceeds flowing from compensation for a personal injury to the wife in this case, it seems unnecessary to discuss the refinements involved in the question of whether a chose in action for a tort is property, for the reason that the judgment and proceeds flowing therefrom are conceded to be property, and the *judgment takes its character from the right violated,* namely, *the right of personal security.*" (Emphasis added.)

It should also be noted that Orrin K. McMurray, former Dean of the College of Jurisprudence, University of California, calls the community property doctrine of recovery for personal injuries "absurd" and "utter nonsense" (2 Cal.L.Rev. 161, 162). In an article by Green, *"The Texas Death Act,"* 26 Texas L. Rev. 461, the doctrine is strongly

criticized. In McKay's Community Property (2d ed.), section 378, it is shown that to take from the wife the cause of action and the compensation "impairs her right of personal security, which the law of community was not intended to do." Mr. McKay also states that the right to personal security is individual and cannot be held in common with another. Mr. DeFuniak (Principles of Community Property, § 82) feels that the right of action for injury to the person is intended to repair or make whole the injury and that the compensation partakes of the same character as that which has been injured or suffered loss.

A majority of this court refuses to construe section 171c of the Civil Code which was added in 1951 after the decision in the Zaragosa case because the cause of action here involved arose before that time. It is my opinion now, as it was at the time the Zaragosa case was decided, that no such addition to the Code was necessary in order to enable the wife to hold any recovery for her personal injuries as her sole and separate property. It will be interesting indeed to see how section 171c will be interpreted by this court when the occasion arises!

I would reverse the judgment and order appealed from.