TRAYNOR, J.
Plaintiff and defendant were married in October, 1944, and separated in August, 1946. There was one child of the marriage. In October, 1946, plaintiff filed an action for divorce on the grounds of extreme cruelty, and defendant answered putting the existing property rights of the parties in issue. In September, 1948, defendant lost a leg as a result of a collision between a San Francisco police car and a car driven by Mervin E. Garner. He filed an action against the city and county of San Francisco and *251 Garner, and in December, 1950, the jury returned a verdict against both defendants for $85,000. Judgment was entered on the verdict against Garner, but the trial court granted the city and county’s motion for judgment notwithstanding the verdict. The judgment against Garner became final in August, 1951, after he dismissed his appeal. The judgment in favor of the city and county was reversed on appeal with directions to enter judgment on the verdict. The city and county then moved for a new trial, and following the denial of its motion, appealed from the judgment, which was affirmed and became final in April, 1954. In the meantime, the divorce action was brought to trial, and an interlocutory decree in favor of plaintiff was entered in March, 1950. No supplemental pleadings were filed putting in issue the parties’ rights in the cause of action for defendant’s personal injuries, and no disposition of property rights was made in the interlocutory decree and no alimony or child support was awarded.[1] The custody of the minor daughter of the parties was awarded to plaintiff. A final decree of divorce was entered in May, 1951, and plaintiff remarried in November, 1952. After the judgment against the city and county became final in 1954, plaintiff brought this action for declaratory relief and partition asserting the right to half of defendant’s recovery. Deductions were made for attorneys’ fees and costs advanced by them, and judgment was entered in favor of plaintiff for $34,087.11, half the remainder, plus costs and interest. Defendant appeals.
In Kesler v. Pabst, 43 Cal.2d 254, 258 [273 P.2d 257], we pointed out that although a wife’s cause of action for personal injuries is community property, it differs from ordinary community property in that on her husband’s death the entire cause of action survives to her by operation of law. He “cannot, either by exercising or failing to exercise his power of testamentary disposition over half of the community property, affect his wife’s rights in her cause of action.” Although the Kesler case was concerned with the wife’s cause of action for her injuries, there is no reason to treat the husband’s cause of action for Ms injuries differently. As pointed out in the Kesler ease, the reason the wife’s entire cause of action survived to her was to prevent her loss of full recovery for her injury by the abatement of her husband’s interest in her cause of action on his death. (Moody v. *252 Southern Pac. Co., 167 Cal. 786, 790-791 [141 P. 388].) For the same reason the husband’s entire cause of action for his injuries survives to him on his wife’s death. It is true that in 1949 the Legislature enacted section 956[2] of the Civil Code providing for the survival of causes of action for personal injuries, and it may be contended that it is no longer necessary for the entire cause of action to survive to the injured spouse to prevent its partial abatement on the death of the other. To interpret section 956 as changing the rule of the Moody ease, however, would require reading into it words that are not there. As here relevant that section provides that certain actions shall not abate on the death of one or another of the parties, but it contains no provisions affecting causes of action that would not otherwise abate on such a death. Accordingly, since under the rule of the Moody case, an injured spouse’s cause of action has never abated in whole or in part on the death of the other spouse, section 956 does not affect the surviving spouse’s interest in his or her cause of action for his or her own injuries.
In the present case the marriage was dissolved by divorce rather than death, and the question presented is whether a cause of action for personal injuries vests by operation of law in the injured party when the marriage is dissolved by divorce. We have concluded that just as the rule that personal actions abated on the death of the plaintiff compelled treating a spouse’s cause of action for personal injuries differently from other community property in its devolution on the death of the other spouse, the rule prohibiting the assignment of such a cause of action compels the same disposition of the cause of action when the marriage is dissolved by divorce. (See Chase v. Chase, 72 Mass. (6 Gray) 157,159.) It is significant in this respect that although the Legislature has provided for the survival of such causes *253 of action, it has expressly retained the rule that they are not assignable. (Civ. Code, § 956.) Clearly the court in a divorce action could not exercise its power to assign the community property (e. g., by assigning all or a major share of a spouse’s cause of action for personal injuries to the other in a case of adultery or extreme cruelty) over a cause of action for personal injuries without violating the foregoing rule. (See Civ. Code, § 146.) Moreover, it would be anomalous if such personal elements of damages as pain, suffering, and disfigurement, which still abate on the death of the injured party (Civ. Code, § 956), should be assignable to the other spouse in the case of divorce. On the other hand, the rule by which the entire cause of action vests in the injured party on death or divorce does not violate the rule that such actions do not fully survive or the rule that they are not assignable. (Moody v. Southern Pac. Co., supra, 167 Cal. 786, 790-791; Kesler v. Pabst, supra, 43 Cal.2d 254, 258.)
It is not unfair to the uninjured spouse to terminate his or her interest in the other’s cause of action for personal injuries on divorce. The rule that a spouse’s cause of action for personal injuries is necessarily community property has been criticized on the ground that it fails to distinguish between damages that could reasonably be considered personal to the injured spouse such as those for pain, suffering, and disfigurement and damages properly belonging to the community such as those for loss of earning power, past and future medical expenses incurred or to be incurred, and disability of the injured spouse directly to contribute to the community venture. (See 1 de Funiak, Principles of Community Property, 225-230.) A rule permitting apportionment of the damages as suggested, however, has never been adopted in this state, and in the absence thereof, treating the entire cause of action as community property protects the community interest in the elements that clearly should belong to it. (See 2 Armstrong, California Family Law 1513.) Although such a rule may be justified when it appears that the marriage will continue, it loses its force when the marriage is dissolved after the cause of action accrues. In such a case not only may the personal elements of damages such as past pain and suffering be reasonably treated as belonging to the injured party, but the damages for future pain and suffering, future expenses, and future loss of earnings are clearly attributable to him as a single person following the divorce. Moreover, as in any *254 other case involving future earnings or other after acquired property, the wife’s right, if any, to future support may be protected by an award of alimony. Since we have no rule permitting the apportionment of the elements of a cause of action for personal injuries between the spouses’ separate and community interests and since such a cause of action is not assignable, it must vest in the injured party on the dissolution of the marriage.
In the present case no judgment was entered against the city and county until after the entry of the final decree of divorce, and the judgment against Garner did not become final until after that time. Accordingly, since the cause of action against the city and county was not assignable and the judgment against Garner could not be assigned until it became final (Pacific Gas & Elec. Co. v. Nakano, 12 Cal.2d 711, 713-714 [87 P.2d 700, 121 A.L.R. 417] ; see 121 A.L.R. 420), plaintiff acquired no interest in either judgment.
The judgment is reversed.
Gibson, C. J., Schauer, J., Spence, J., and McComb, J., concurred.

It appears that the community property referred to in the pleadings had been exhausted before trial and that defendant was unable because of his injury to earn money to pay alimony or child support.

“A thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action. When the person entitled to maintain such an action dies before judgment, the damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death. The damages recovered shall form part of the. estate of the deceased. Nothing in this article shall be construed as making such a thing in action assignable.”