[Civ. No. 5927.   Fourth Dist.   Mar. 6, 1959.]

LUPE E. FERGUSON, Appellant, v. WALTER FRANCIS ROGERS et al., Respondents.

Tony Geram for Appellant.

King & Mussell for Respondents.

SHEPARD, J.—Plaintiff and her husband sued defendants to recover damages for personal injuries alleged to have been suffered by each of them as the result of a collision between the auto which he was driving and in which she was riding, and a vehicle being operated by defendants on January 27, 1956. Negligence and contributory negligence were pleaded. There was sufficient evidence from which the jury could have found that either or both of the drivers were negligent.

By a post accident property settlement agreement plaintiff-appellant's husband relinquished all interest in her claim for damages and agreed that any recovery thereon would be the sole and separate property of appellant wife. The trial court sustained an objection to appellant's attempt to place this post accident property settlement agreement in evidence.

The plaintiff-appellant's proffered instruction that the wife was not bound by the contributory negligence of the husband was refused by the trial court and instead thereof an instruction was given to the general effect that the negligence, if any, of her husband must be imputed to this plaintiff-appellant. The jury returned a verdict against both plaintiffs. The husband did not appeal. Appellant herein appeals from the judgment entered pursuant to said verdict, and from the order denying the motion for a new trial.

Appellant contends that the trial court erred in sustaining defendant's objection to the post accident settlement agreement, in refusing to give appellant's proposed instruction that appellant was not bound by her husband's contributory negligence, and in the giving of the instruction that the husband's negligence, if any, is imputed to this appellant. Appellant does not criticize the form of the instruction, but rests her appeal squarely on the proposition that because of the

legislative trend shown by the amendments of section 171c and new section 163.5 of our Civil Code, the court should change the rule regarding imputation of spouse driver contributory negligence to spouse passenger.

The facts in the case at bar are similar to those in *Kesler* v. *Pabst,* 43 Cal.2d 254, 257 [2] [273 P.2d 257], where the Supreme Court in holding that a husband driver's contributory negligence is imputable to an injured wife-passenger in order to prevent unjust enrichment, says of a post accident property settlement: ''Accordingly, the objective of preventing unjust enrichment cannot be accomplished by a voluntary relinquishment of the negligent husband's interest to his wife.''

In *Flores* v. *Brown,* 39 Cal.2d 622 [248 P.2d 922], an exception to this rule was applied because the spouse who might be unjustly enriched died and, therefore, there was an involuntary surrender of any possibility of unjust enrichment. In *Bruton* v. *Villoria,* 138 Cal.App.2d 642 [292 P.2d 638], another exception to the rule was applied due to the fact that the plaintiff was a resident of the Province of Ontario, Canada, and that under the law of Ontario the husband has no interest in money recovered by the wife in a personal injury action. Therefore, the rule of unjust enrichment could not apply.

Appellant argues that *Kesler* v. *Pabst, supra,* left undecided the question of whether or not the change in Civil Code, section 171c in 1951 would have changed the rule of imputation of negligence from one spouse to the other in accident cases, and that we should now make the change due to the fact that the Legislature in 1957, more than a year after the happening of the accident in the case at bar, made a change in the basic reason for the rule by the enactment of Civil Code, section 163.5, which provides as follows:

''All damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person.''

We think the rule announced in *Kesler* v. *Pabst, supra,* is still the law as to any accident that happened prior to the 1957 enactment of said Civil Code, section 163.5. By their own specific terms both the 1951 and 1957 amendments to Civil Code, section 171c, provide that said section does not change the community character of the property therein dealt with. Sections 1 and 2 of chapter 2334 of Statutes of California, 1957, deal respectively with the enactment of said section 163.5 and the amendment of said section 171c. Section 3 of said chapter 2334 reads as follows:

"Section 3. Sections 1 and 2 of this act do not apply to actions pending or to causes of action existing on the effective date of this act. As to such actions and causes of action, Section 171c as it existed prior to the effective date of this act shall be applicable."

Thus, it is clear that the Legislature did not intend by said section 163.5 to affect the rule applicable to any cases arising prior to its enactment.

*Nemeth* v. *Hair,* 146 Cal.App.2d 405 [304 P.2d 129], reiterates the rule as announced in *Zaragosa* v. *Craven,* 33 Cal. 2d 315 [202 P.2d 73, 6 A.L.R.2d 461], and *Kesler* v. *Pabst, supra,* respecting imputation of negligence between spouses in accident cases. A hearing in this case was denied by our Supreme Court December 28, 1956. It is reasonable to assume that the Legislature knew of that decision when it enacted said section 3 of said chapter 2334.

The reasons why this court ought to leave to the Legislature changes in long established rules of this kind were clearly and succinctly stated by our Supreme Court in a very recent case:

"Another difficulty is that judicial, as distinguished from statutory, recognition of the wife's cause of action would operate retroactively and might work hardship upon persons who, in reliance upon the common law rule, have made settlement with the husband, believing that the wife could not sue.

"In our view the Legislature rather than the courts can best deal with these problems." (*Deshotel* v. *Atchison, T. & S. F. Ry. Co.,* 50 Cal.2d 664, 668 [328 P.2d 449].)

It is unnecessary for us to comment on the future effect of said Civil Code, section 163.5, on imputation of contributory negligence between spouses in causes arising after its enactment, and we do not do so.

In our opinion, the trial court was correct in the rulings complained of. The motion for new trial was properly denied. The order not being appealable the attempted appeal therefrom is dismissed. (3 Cal.Jur.2d 500, § 62.)

Judgment affirmed.

Griffin, P. J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied March 30, 1959, and appellant's petition for a hearing by the Supreme Court was denied April 29, 1959. Gibson, C. J,. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.