47 Cal.2d 249 (1956)
LEOLA WASHINGTON, Respondent,
v.
GEORGE WASHINGTON, Appellant.
S. F. No. 19249. 
Supreme Court of California. In Bank. 
Oct. 30, 1956.
 Edward D. Mabson for Appellant.
 Carl B. Metoyer, Terry A. Francois and Murville C. Abels for Respondent.
 TRAYNOR, J.
 Plaintiff and defendant were married in October, 1944, and separated in August, 1946. There was one child of the marriage. In October, 1946, plaintiff filed an action for divorce on the grounds of extreme cruelty, and defendant answered putting the existing property rights of the parties in issue. In September, 1948, defendant lost a leg as a result of a collision between a San Francisco police car and a car driven by Mervin E. Garner. He filed an action against the city and county of San Francisco and *251 Garner, and in December, 1950, the jury returned a verdict against both defendants for $85,000. Judgment was entered on the verdict against Garner, but the trial court granted the city and county's motion for judgment notwithstanding the verdict. The judgment against Garner became final in August, 1951, after he dismissed his appeal. The judgment in favor of the city and county was reversed on appeal with directions to enter judgment on the verdict. The city and county then moved for a new trial, and following the denial of its motion, appealed from the judgment, which was affirmed and became final in April, 1954. In the meantime, the divorce action was brought to trial, and an interlocutory decree in favor of plaintiff was entered in March, 1950. No supplemental pleadings were filed putting in issue the parties' rights in the cause of action for defendant's personal injuries, and no disposition of property rights was made in the interlocutory decree and no alimony or child support was awarded. [fn. 1] The custody of the minor daughter of the parties was awarded to plaintiff. A final decree of divorce was entered in May, 1951, and plaintiff remarried in November, 1952. After the judgment against the city and county became final in 1954, plaintiff brought this action for declaratory relief and partition asserting the right to half of defendant's recovery. Deductions were made for attorneys' fees and costs advanced by them, and judgment was entered in favor of plaintiff for $34,087.11, half the remainder, plus costs and interest. Defendant appeals.
 [1] In Kesler v. Pabst, 43 Cal.2d 254, 258 [273 P.2d 257], we pointed out that although a wife's cause of action for personal injuries is community property, it differs from ordinary community property in that on her husband's death the entire cause of action survives to her by operation of law. He "cannot, either by exercising or failing to exercise his power of testamentary disposition over half of the community property, affect his wife's rights in her cause of action." Although the Kesler case was concerned with the wife's cause of action for her injuries, there is no reason to treat the husband's cause of action for his injuries differently. As pointed out in the Kesler case, the reason the wife's entire cause of action survived to her was to prevent her loss of full recovery for her injury by the abatement of her husband's interest in her cause of action on his death. (Moody v. *252 Southern Pac. Co., 167 Cal. 786, 790-791 [141 P. 388].) For the same reason the husband's entire cause of action for his injuries survives to him on his wife's death. [2] It is true that in 1949 the Legislature enacted section 956 [fn. 2] of the Civil Code providing for the survival of causes of action for personal injuries, and it may be contended that it is no longer necessary for the entire cause of action to survive to the injured spouse to prevent its partial abatement on the death of the other. To interpret section 956 as changing the rule of the Moody case, however, would require reading into it words that are not there. As here relevant that section provides that certain actions shall not abate on the death of one or another of the parties, but it contains no provisions affecting causes of action that would not otherwise abate on such a death. Accordingly, since under the rule of the Moody case, an injured spouse's cause of action has never abated in whole or in part on the death of the other spouse, section 956 does not affect the surviving spouse's interest in his or her cause of action for his or her own injuries.
 [3] In the present case the marriage was dissolved by divorce rather than death, and the question presented is whether a cause of action for personal injuries vests by operation of law in the injured party when the marriage is dissolved by divorce. We have concluded that just as the rule that personal actions abated on the death of the plaintiff compelled treating a spouse's cause of action for personal injuries differently from other community property in its devolution on the death of the other spouse, the rule prohibiting the assignment of such a cause of action compels the same disposition of the cause of action when the marriage is dissolved by divorce. (See Chase v. Chase, 72 Mass. (6 Gray) 157, 159.) It is significant in this respect that although the Legislature has provided for the survival of such causes *253 of action, it has expressly retained the rule that they are not assignable. (Civ. Code, 956.) Clearly the court in a divorce action could not exercise its power to assign the community property (e. g., by assigning all or a major share of a spouse's cause of action for personal injuries to the other in a case of adultery or extreme cruelty) over a cause of action for personal injuries without violating the foregoing rule. (See Civ. Code, 146.) Moreover, it would be anomalous if such personal elements of damages as pain, suffering, and disfigurement, which still abate on the death of the injured party (Civ. Code, 956), should be assignable to the other spouse in the case of divorce. On the other hand, the rule by which the entire cause of action vests in the injured party on death or divorce does not violate the rule that such actions do not fully survive or the rule that they are not assignable. (Moody v. Southern Pac. Co., supra, 167 Cal. 786, 790-791; Kesler v. Pabst, supra, 43 Cal.2d 254, 258.)
 It is not unfair to the uninjured spouse to terminate his or her interest in the other's cause of action for personal injuries on divorce. The rule that a spouse's cause of action for personal injuries is necessarily community property has been criticized on the ground that it fails to distinguish between damages that could reasonably be considered personal to the injured spouse such as those for pain, suffering, and disfigurement and damages properly belonging to the community such as those for loss of earning power, past and future medical expenses incurred or to be incurred, and disability of the injured spouse directly to contribute to the community venture. (See 1 de Funiak, Principles of Community Property, 225-230.) [4] A rule permitting apportionment of the damages as suggested, however, has never been adopted in this state, and in the absence thereof, treating the entire cause of action as community property protects the community interest in the elements that clearly should belong to it. (See 2 Armstrong, California Family Law 1513.) Although such a rule may be justified when it appears that the marriage will continue, it loses its force when the marriage is dissolved after the cause of action accrues. In such a case not only may the personal elements of damages such as past pain and suffering be reasonably treated as belonging to the injured party, but the damages for future pain and suffering, future expenses, and future loss of earnings are clearly attributable to him as a single person following the divorce. Moreover, as in any *254 other case involving future earnings or other after acquired property, the wife's right, if any, to future support may be protected by an award of alimony. Since we have no rule permitting the apportionment of the elements of a cause of action for personal injuries between the spouses' separate and community interests and since such a cause of action is not assignable, it must vest in the injured party on the dissolution of the marriage.
 [5] In the present case no judgment was entered against the city and county until after the entry of the final decree of divorce, and the judgment against Garner did not become final until after that time. Accordingly, since the cause of action against the city and county was not assignable and the judgment against Garner could not be assigned until it became final (Pacific Gas & Elec. Co. v. Nakano, 12 Cal.2d 711, 713-714 [87 P.2d 700, 121 A.L.R. 417]; see 121 A.L.R. 420), plaintiff acquired no interest in either judgment.
 The judgment is reversed.
 Gibson, C.J., Schauer, J., Spence, J., and McComb, J., concurred.
 CARTER, J.
 I concur in the result reached in the majority opinion.
 I think it is clear, however, that this court now recognizes that its former opinions, holding that causes of action for personal injuries are community property, are unrealistic and outmoded.
 In Zaragosa v. Craven, 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R. 2d 461], in which I dissented, it was held that "... it must be considered as the present law of this state that the cause of action for personal injuries suffered by either spouse during marriage, to whatever extent such cause of action may constitute property (see p. 725, Franklin v. Franklin, supra [67 Cal.App.2d 717 (155 P.2d 637)]), as well as any recovery therefor, constitutes community property--at least in the absence of agreement otherwise between the spouses. Any contrary implications which may be derived from the language of the Franklin case are disapproved."
 The accident here involved occurred after the plaintiff had sued for divorce, but before the interlocutory decree was entered. The parties were therefore still husband and wife despite the fact that the divorce action had been filed almost two years prior to the accident in which defendant was injured. *255
 I am of the opinion now, as I have always been, that a cause of action for personal injuries is a separate and personal one and that the recovery therefor should be the separate property of the injured spouse except for the actual loss to the community in the earning power of the injured spouse (see dissenting opinion in Zaragosa v. Craven, 33 Cal.2d 315, 323, 324 [202 P.2d 73, 6 A.L.R.2d 461]). As I have heretofore pointed out in my dissents (Zaragosa v. Craven, supra; Flores v. Brown, 39 Cal.2d 622, 633 [248 P.2d 922]; and Kesler v. Pabst, 43 Cal.2d 254, 260 [273 P.2d 257]) there is no reason whatsoever to characterize a cause of action for personal injuries a "community cause of action." The wife, or husband, has a right to sue in her, or his, own name (Code Civ. Proc., 370; Sanderson v. Niemann, 17 Cal.2d 563, 567 [110 P.2d 1025]) and the recovery therefor should be the individual's sole and separate property (de Funiak, Principles of Community Property, pp. 225, 232; 24 Cal.L.Rev. 739; Rest., Torts, 487).
 In Zaragosa v. Craven, supra, a majority of this court held that a cause of action for personal injuries which arose during the marriage relationship was community property (thereby overruling a contrary statement in Franklin v. Franklin, 67 Cal.App.2d 717 [155 P.2d 637]). In Flores v. Brown, supra, Mr. Flores died as a result of the accident giving rise to Mrs. Flores' cause of action and, in order to avoid its former rule of imputation of contributory negligence, a majority of this court decided that even though the cause of action arose during marriage, that marriage was terminated by Mr. Flores' death at the time of the accident and therefore the entire cause of action devolved to Mrs. Flores and that the contributory negligence of Mr. Flores was not imputable to her. I pointed out in my dissent in Kesler v. Pabst, supra, that the holding in the Flores' case was quite inconsistent with the majority holding in the Zaragosa case.
 It has been said quite often and with a great deal of truth that "hard cases make bad law."
 In the instant case, a woman who has brought suit against her husband for divorce and who was separated from him, seeks to recover half of the compensation awarded him for an injury which took place while the marriage was still in being although after suit for divorce had been filed. If what was said in the Zaragosa case is still the law, the cause of action accruing during the existence of the marital relationship, because of defendant's personal injuries, was community *256 property and any judgment recovered as a result thereof should relate back so as to take on the same character.
 In the case under consideration, however, in neither the original complaint for divorce, nor in the amended complaint, did Mrs. Washington allege the cause of action for Washington's personal injury to be community property and pray for a division thereof when the same had been reduced to final judgment.
 As Mr. de Funiak aptly said (Principles of Community Property, p. 225): "Their [courts] usual decision to consider the property received in exchange for separate property as taking the character of separate property is a fortunate triumph of common sense over a lack of understanding of the principles of community property. But apparently the courts are inclined to apply a similar reasoning to the right of action for personal injuries and to the compensation received; that is, it is a property acquired during marriage and is not acquired by gift, etc., therefore it must be community property. But this overlooks the principles of onerous and lucrative titles and other pertinent principles. Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is, by labor or industry of the spouses, or which is acquired in exchange for community property (which, of course, was acquired itself by onerous title, again with the exception as to the gift). It must be plainly evident that a right of action for injuries to person, reputation, property, or the like or the compensation received therefor, is not property acquired by onerous title. The labor and industry of the spouses did not bring it into being. For that matter it is not property acquired by lucrative title either. ... Since the right of action for injury to the person ... is intended to repair or make whole the injury, so far as is possible in such a case, the compensation partakes of the same character as that which has been injured or suffered loss."
 If this court would hold, logically and reasonably, once and for all that a cause of action for personal injuries was personal to the injured spouse and that the recovery constituted his, or her, separate property (see Civ. Code, 171c, as it relates to the wife) then it would not be necessary to engage in legal acrobatics in a case such as this in order to reach a just result. I have no complaint with the statements in the majority opinion that the causes of action for the personal injuries to Mr. Washington were not assignable and *257 that no assignments thereof could be had until final judgments had been rendered therein. When this case and the Flores case are considered together, it appears to me that perhaps, in time, a majority of this court will recognize the fallacy in earlier holdings that a cause of action for personal injuries accruing during marriage is community property.
 I am happy to see a majority of the members of this court depart from the rule of the Zaragosa case which, if carried to its logical conclusion, would have prevented the conclusion reached in Flores v. Brown, supra, and the just result reached in the case under consideration. I am hopeful that in time the court will come to the full realization that a cause of action for personal injuries and the compensation received therefor is personal to the injured person since such cause of action and compensation were always intended as a substitute for the violation of a personal right. The majority opinion, however illogical in the light of the rule of the Zaragosa case, is a small step in the right direction.
 SHENK, J.,
 Dissenting.
 In no uncertain terms the Legislature has classified property owned by spouses before marriage and property acquired by them after marriage. Since 1872 section 162 of the Civil Code has provided that "All property of the wife owned by her before marriage, and that acquired afterwards by gift, bequest, devise, or descent, ... is her separate property." And for a like period section 163 of the same code has provided that, "All property owned by the husband before marriage, and that acquired afterward by gift, bequest, devise and descent, ... is his separate property." Section 164 then and since has provided that, "All other property acquired after marriage by either husband or wife, or both ... is community property."
 Without question the right of action acquired by the defendant was property. It was a chose in action and personal property as defined by section 14 of the Civil Code. (See also 6 West's Anno.Cal. Code, p. 67, and cases cited in n. 15.) It was acquired during the marriage and lifetime of the spouses and before the entry of the interlocutory decree. That decree did not sever the marriage relationship. On the record here presented the cause of action and the fund derived therefrom continued to be community property. (Brown v. Brown, 170 Cal. 1 [147 P. 1168].) Such a cause of action was held to be community property in Zaragosa v. Craven, 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461], and that case cannot be distinguished *258 from the case at bar. The property right here involved was either the separate property of the defendant or the community property of the spouses. It could not be both. The Legislature has so defined separate property as to exclude it from that category. The Legislature has also declared that all property not defined as separate property is community property. Now the court holds that all does not mean all, and declares in effect that the cause of action was not community property. The statutory definitions include all property of whatever description owned or acquired by the spouses. The fund here involved is certainly not included within the definition of separate property and is therefore community property.
 I can see no justification for setting at nought the decision in the Zaragosa case and other cases cited therein in support thereof. The District Court of Appeal of the First District, Division Two, affirmed the judgment in a well considered opinion authored by Mr. Justice Dooling and reported in 296 P.2d 896. For the reasons stated in that opinion and on the authority of the Zaragosa and other cases to like effect, I would adhere to the plain language of the statute as heretofore applied by this court and affirm the judgment.
NOTES
[fn. 1] 1. It appears that the community property referred to in the pleadings had been exhausted before trial and that defendant was unable because of his injury to earn money to pay alimony or child support.
[fn. 2] 2. "A thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action. When the person entitled to maintain such an action dies before judgment, the damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death. The damages recovered shall form part of the estate of the deceased. Nothing in this article shall be construed as making such a thing in action assignable."