[Civ. Nos. 17736, 17737.   First Dist., Div. Two.   May 26, 1959.]

### LEOLA WASHINGTON, Respondent, v. GEORGE WASHINGTON, Appellant.

[Two cases.]

Edward B. Mabson for Appellant.

Terry A. Francois for Respondent.

DOOLING, J.—Two separate appeals are here presented: 1. an appeal by defendant from an order of December 14, 1956, in superior court action Number 358362 (hereinafter called the divorce action); 2. an appeal by defendant from an order made on December 31, 1956, in superior court action number 439265 (hereinafter called the property action). The two appeals present different questions and will be treated separately.

### The Order in the Divorce Action

Respondent sued appellant for divorce and in March 1950 an interlocutory decree of divorce was entered granting respondent's prayer for divorce. This decree made no provision

for alimony or child support and ordered "that the plaintiff have the complete care, custody and control of the minor daughter of said parties." This interlocutory decree and a final decree containing the same provisions entered in 1951 were not appealed from and both have long since become final. In February 1955 on motion of respondent the court made an order modifying the final decree of divorce to require the payment of $75 per month by appellant commencing March 1, 1955, for the support of the child of the parties and for attorney's fees and costs. This order was likewise not appealed from and has also become final. On December 14, 1956, pursuant to proceedings commenced by appellant the court determined that $1,815 had accrued under the order for child support of February 1955 and was owing and unpaid thereunder. From this order appellant has appealed.

Most of the arguments made on this appeal were urged by appellant on his appeal from the order for attorney's fees and costs to resist this appeal and were disposed of by us on that appeal. There is no reason for repeating them here. (See *Washington* v. *Washington*, 163 Cal.App.2d 129, 131-132 [329 P.2d 115].)  █ Appellant's attempt at this late date to raise the issue of the paternity of the child cannot succeed. Both the interlocutory decree and the final decree as well as the order for child support of February 1955, all of which have been allowed to become final, have declared the child to be "the minor daughter of said parties."

### The Order in the Property Action

█ In the divorce action before the entry of the interlocutory decree an order had been made for temporary alimony, counsel fees and costs. (See *Washington* v. *Washington, supra,* 163 Cal.App.2d p. 130.) Thereafter appellant recovered judgment for serious personal injuries which judgment was affirmed in *Washington* v. *City & County of San Francisco,* 123 Cal.App.2d 235 [266 P.2d 828]. After this judgment became final respondent commenced an action to recover one-half thereof as community property (the property action). She recovered judgment for a one-half interest but this judgment was reversed in *Washington* v. *Washington,* 47 Cal.2d 249 [302 P.2d 569], the Supreme Court ruling that as a matter of law the proceeds of the judgment for personal injuries were appellant's property in which his ex-wife had no interest.

Before the property action was tried the defendants in the personal injury action satisfied the appellant's judgment

against them by paying the money necessary for that purpose to the county clerk of San Francisco pursuant to an order of court making the balance thereof to which appellant was entitled subject to the disposition of the court in the property action.

On December 31, 1956, in the property action the court made an order imposing a lien upon appellant's interest in the property action in favor of respondent to secure the payment to her of the amounts accrued under the order for temporary alimony between the time of the making of that order and the entry of the interlocutory decree of divorce. (*Washington* v. *Washington, supra,* 163 Cal.App.2d 131.)

The order was made under section 688.1 Code of Civil Procedure, which authorizes the court to impose a lien in a "pending" action in favor of a judgment creditor "upon all moneys recovered by his judgment debtor in such action." Appellant claims that when the lien was imposed the action was no longer pending and cites Code of Civil Procedure, section 1049 : "An action is deemed to be pending from the time of its commencement until its final determination upon appeal. . . ." Since the order of reversal in *Washington* v. *Washington, supra,* 47 Cal.2d 249, became final 30 days after October 30, 1956, appellant argues that that action was not pending on December 31, 1956, the date when the order imposing the lien was made. Section 1049 Code of Civil Procedure provides that an action is deemed to be pending "until its *final* determination upon appeal." A reversal is not a *final* determination on appeal. Its effect is to annul the judgment of the trial court and remand for further proceedings in the trial court. The order of the Supreme Court reversing the previous judgment did not conclude the matter. The fund in the custody of the clerk was still under the jurisdiction of the superior court in the property action and the action was still pending until the superior court entered a new judgment awarding the fund to appellant pursuant to the Supreme Court's ruling. We conclude that the lien was properly imposed under section 688.1.

■ Appellant's argument that he is entitled to credits against the amount accrued under the alimony award because respondent expended the community property of the parties and received certain additional payments is made too soon. The order appealed from imposes a lien but not for any certain amount. It provides in that particular : "the amount of which shall be determined by appropriate proceedings." In such

656

"appropriate proceedings" appellant will have his opportunity to claim any proper payment or setoff. Other points urged are disposed of in *Washington* v. *Washington, supra,* 163 Cal. App.2d, page 131.

Orders affirmed.

Kaufman, P. J., and Draper, J., concurred.

Petitions for a rehearing were denied June 25, 1959, and appellant's petition in No. 17736 for a hearing by the Supreme Court was denied July 22, 1959.